**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JORGE L. CORONA, | No. 14-15707 |
| Plaintiff - Appellant, | D.C. No. 1:13-cv-01581-LJO-MJS |
| v. | |
| ROBERT CRABTREE; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted January 21, 2015[**]

Before:    CANBY, GOULD, and N.R. SMITH, Circuit Judges.

Jorge L. Corona, a California state prisoner, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate indifference to his safety and serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cir. 2000) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)). We affirm.

The district court properly dismissed Corona's action because Corona failed to allege facts sufficient to show that defendants were deliberately indifferent to his safety at work or to his leg burns. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (a prison official is deliberately indifferent only if he or she "knows of and disregards an excessive risk to inmate health or safety"); *Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1188 (9th Cir. 2002) ("If a person should have been aware of the risk, but was not, then the person has not violated the Eighth Amendment, no matter how severe the risk."); *see also Toguchi v. Chung*, 391 F.3d 1051, 1058-60 (9th Cir. 2004) (a difference of opinion concerning the course of medical treatment does not amount to deliberate indifference).

The district court did not abuse its discretion by dismissing Corona's first amended complaint without leave to amend after providing Corona with one opportunity to amend and concluding that further amendment would be futile. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) (setting forth standard of review and explaining that leave to amend should be given unless amendment would be futile); *see also Chodos v. West Publ'g Co.*, 292 F.3d 992,

14-15707

1003 (9th Cir. 2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad." (citation and internal quotation marks omitted)).

**AFFIRMED.**